Glen D. Savits
Green Savits, LLC
25B Vreeland Road
Florham Park, NJ 07932
Telephone: (973) 695-7777
Facsimile: (973) 695-7788
Email: gsavits@greensavits.com

Rachel Bien*
OUTTEN & GOLDEN LLP
601 S Figueroa St., Suite 4050
Los Angeles, CA 90017
Telephone: (323) 673-9900
Facsimile: (646) 509-2058
Email: rmb@outtengolden.com

Laura Iris Mattes*
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: imattes@outtengolden.com

Michael Palitz
SHAVITZ LAW GROUP, P.A.
800 Third Avenue, Suite 2800
New York, NY 10022
Telephone:  (800) 616-4000
Facsimile:  (561) 447-8831
Email: mpalitz@shavitzlaw.com

Gregg Shavitz*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Email: gshavitz@shavitzlaw.com

*Attorneys for Plaintiffs, the Collective, and the
Classes*

*Pro hac vice applications forthcoming*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

| | | |
|---|---|---|
| LEAH HAZZARD, DANIEL FAIELLA, KRISTA MITCHELL, ZACKRIE TYNDAL, AND CARLOS RAMIREZ, JR., Individually and on Behalf of All Other Persons Similarly Situated, | : : : : : : | CIVIL ACTION NO. _____  Electronically filed |
| Plaintiffs, | : : : | |
| -against- | : : | COLLECTIVE AND  CLASS ACTION COMPLAINT AND JURY DEMAND |
| AVIS BUDGET GROUP, INC., | : : | |
| Defendant. | : | |

-------------------------------------------------------------X

## INTRODUCTION

Plaintiffs Leah Hazzard, Daniel Faiella, Krista Mitchell, Zackrie Tyndal, and Carlos Ramirez, Jr. ("Plaintiffs") allege on behalf of themselves and all those similarly situated as follows:

## SUMMARY OF CLAIMS

1.      Plaintiffs worked as Operations Managers for Avis Budget Group, Inc. ("Avis"). Plaintiffs bring this action as Fair Labor Standards Act ("FLSA") collective action on behalf of themselves and all other similarly situated individuals who worked as Operations Managers for Avis nationwide.

2.      Plaintiffs Hazzard, Faiella, Mitchell, Tyndall, and Ramirez also bring state law claims on behalf of themselves and other Operations Managers as a class action under Federal Rule of Civil Procedure 23.

3.      The federal and state law claims are based on Avis's misclassification of Operations Managers as exempt and failure to pay them in accordance to federal and/or state law requirements.  These violations include: (1) the failure to pay Operations Managers required overtime and/or double time compensation; (2) the failure to provide meal and rest breaks; (3) the failure to timely pay wages due upon termination of employment; (4) the failure to provide legally sufficient wage statements; and (5) the failure to reimburse Operations Managers for business expenses.

4.      The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1332 (Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction), and their federal claims under the FLSA, 29 U.S.C. § 216(b).

6.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      The Court has personal jurisdiction over Avis because its headquarters are located in New Jersey, it conducts substantial business activity in New Jersey, and it engaged in the unlawful acts described herein in New Jersey.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (3), because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this district and Defendant is subject to personal jurisdiction here.

## THE PARTIES

### Plaintiff Leah Hazzard

9.      Hazzard worked for Defendant in Sacramento, California as an Operations Manager from approximately March 2016 through approximately April 2018.

10.     Her duties primarily included working the rental counter, answering phones, serving customers, shuttling vehicles, checking vehicles for damage, vehicle returns, and cleaning vehicles.

11.     During her employment as an Operations Manager, Hazzard worked approximately 55 to 60 hours per workweek. During this period, Defendant did not pay Hazzard overtime at 1.5 times her hourly rate of pay for hours that she worked over 8 in a day or over 40 in a week or double time for any hours worked over 12 in a day.

3

12.    Hazzard was required to use her personal cellphone, data plan, and home internet to perform work duties, including making phone calls and sending text messages to and from co-workers and managers, and accessing applications which Defendant required her to use on her cellphone.

13.    During periods of Hazzard's work for Avis, Defendant failed to provide her with the opportunity to take meal and rest breaks.  Due to the heavy workload requirements, Hazzard was on call to perform work and did not take undisturbed meal or rest breaks.

14.    Upon information and belief, Avis does not have a policy advising Operations Managers of their right to take meal and rest breaks.

***Plaintiff Daniel Faiella***

15.    Faiella worked for Defendant in Reno, Nevada as an Operations Manager from approximately December 2015 to June 2017 and then in Seattle, Washington as an Operations Manager from approximately June 2017 to February 2018.

16.    His duties primarily included working the rental counter, answering phones, serving customers, shuttling vehicles, checking vehicles for damage, vehicle returns, and cleaning vehicles.

17.    During his employment as an Operations Manager, Faiella worked approximately 50 to 65 hours per workweek.  During this period, Defendant did not pay Faiella overtime at 1.5 times his hourly rate of pay for hours that he worked over 40 in a workweek.

18.    During Faiella's work for Avis, Defendant failed to provide him with the opportunity to take meal and rest breaks and did not ensure that such breaks were taken as required by Washington law, Washington Administrative Code § 296-126-092.

19.    Upon information and belief, Avis does not have a policy advising Operations Managers of their right to take meal and rest breaks.

***Plaintiff Krista Mitchell***

20.     Mitchell worked for Defendant in New York, New York as an Operations

Manager from approximately June 2015 to August 2017.

21.     Her duties primarily included working the rental counter, answering phones,

serving customers, shuttling vehicles, checking vehicles for damage, vehicle returns, and

cleaning vehicles.

22.     During her employment as an Operations Manager, Mitchell worked

approximately 50 to 55 hours per workweek.  During this period, Defendant did not pay Mitchell

overtime at 1.5 times her hourly rate of pay for hours that she worked over 40 in a workweek.

***Plaintiff Zackrie Tyndal***

23.     Tyndal worked for Defendant in Queens, New York as an Operations Manager

from approximately May 2016 to September 2018.

24.     His duties primarily included working the rental counter, answering phones,

serving customers, shuttling vehicles, checking vehicles for damage, vehicle returns, and

cleaning vehicles.

25.     During his employment as an Operations Manager, Zyndal worked approximately

50 hours per workweek.  During this period, Defendant did not pay Zyndal overtime at 1.5 times

his hourly rate of pay for hours that he worked over 40 in a workweek.

***Plaintiff Carlos Ramirez, Jr.***

26.     Ramirez worked for Defendant in Boston, Massachusetts as an Operations

Manager from approximately September 2016 to February 2017.

27.     His duties primarily included working the rental counter, answering phones, serving customers, shuttling vehicles, checking vehicles for damage, vehicle returns, and cleaning vehicles.

28.     During his employment as an Operations Manager, Ramirez worked approximately 50-60 hours per workweek.  During this period, Defendant did not pay Ramirez overtime at 1.5 times his hourly rate of pay for hours that he worked over 40 in a workweek.

29.     Each Plaintiff's consent to join form is attached hereto as Exhibit A.

**Defendant Avis Budget Group, Inc.**

30.     During the relevant time period, Avis has been in the vehicle rental business.

31.     Avis is incorporated under Delaware law and does business as Avis.

32.     Avis is headquartered at 6 Sylvan Way, Parsippany, New Jersey.

33.     At all material times, Avis has been an "employer," and Operations Managers have been its "employees," under the FLSA and state wage and hour laws.

34.     During the relevant time period(s), Operations Managers received their payments from Avis.

35.     During the relevant time period(s), Avis had authority to hire and fire Operations Managers.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

36.     Plaintiffs bring their First Claim for Relief on behalf of themselves and all Collective members, defined as: Operations Managers who worked at Avis locations nationwide between November 6, 2016 and the date of final judgment in this action.

37.     Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the Collective.

38.     During the Collective period, Defendant classified Plaintiffs and all Collective members as exempt from the overtime requirements of the FLSA.

39.     During the Collective period, Defendant did not pay any overtime wages to Plaintiffs and all Collective members for any hours worked in excess of 40 in a workweek. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b). The FLSA claim in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former Operations Managers of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated Operations Managers are known to Defendant, are readily identifiable, and can be located through Defendant's records.

<u>**CLASS ACTION ALLEGATIONS**</u>

40.     Plaintiff Hazzard brings her Claims for Relief 2-7 for violations of the California Labor Code, Wage Order 9, and California's Unfair Competition Law pursuant to Federal Rule of Civil Procedure 23, on behalf of a California Class, defined as: Operations Managers who worked at Avis locations in California between November 6, 2015 and the date of final judgment in this action.

41.     Plaintiff Faiella brings his Claims for Relief 8-10 for violations of Washington law pursuant to Federal Rule of Civil Procedure 23, on behalf of a Washington Class, defined as: Operations Managers who worked at Avis locations in Washington between November 6, 2016 and the date of final judgment in this action.

42.     Plaintiffs Mitchell and Tyndal bring their Claims for Relief 11-12 for violations of New York law pursuant to Federal Rule of Civil Procedure 23, on behalf of a New York Class,

defined as: Operations Managers who worked at Avis locations in New York between November 6, 2013 and the date of final judgment in this action.

43.    Plaintiff Ramirez brings his Claim for Relief 13 for violations of Massachusetts law pursuant to Federal Rule of Civil Procedure 23, on behalf of a Massachusetts Class, defined as: Operations Managers who worked at Avis locations in Massachusetts between November 6, 2016 and the date of final judgment in this action.

44.    Numerosity.   Each state law Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the class period(s), Defendant has employed at least 50 individuals who fall within each Class definition. The identity of Class members is ascertainable through Defendant's records or by public notice.

45.    Commonality and Predominance.  Common questions of law and fact exist as to the members of each Class that predominate over any individualized questions, including the following:

a.    Whether Operations Managers are misclassified as exempt employees;

b.    Whether Defendant failed to reimburse California Class members for work-related expenses;

c.    Whether Defendant failed to pay Operations Managers overtime;

d.    Whether Defendant failed to provide lawful itemized wage  statements under California and New York law;

e.    Whether Defendant failed to provide adequate meal and rest breaks to California and Washington Class members;

f.    Whether Defendant failed to timely pay wages due upon termination of employment to California Class members;

g.      Whether Defendant's policies and practices violated the UCL;

h.      Whether Defendant's classification of Operations Managers as exempt was willful;

i.      Whether Defendant failed to comply with the notice and recordkeeping requirements of New York Labor Law; and

j.      The proper measure of damages sustained by members of the Classes.

46.      **Typicality.** Plaintiffs' claims are typical of the claims of the Classes they seek to represent. Plaintiffs were subjected to the same or similar policies and practices as Class members that they allege violated state wage and hour laws.

47.      **Adequacy.** Plaintiffs will fairly and adequately represent and protect the interests of the Classes they seek to represent. Plaintiffs' counsel are experienced in employment class actions and will fairly and adequately represent and protect the interests of the Classes.

48.      **Superiority.** Class treatment would benefit the courts and Class members. The damages suffered by individual Class members are relatively small compared to the significant expense and burden of individual prosecution of this litigation. In addition, class certification will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

## COMMON FACTUAL ALLEGATIONS

49.      All the work that Plaintiff and the Collective and Class members have performed has been assigned by Defendant, and/or Defendant has been aware of all the work that they performed.

50.      As part of its regular business practices, during the relevant periods, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating

the FLSA, California, New York, Washington, and Massachusetts wage and hour laws with respect to Plaintiffs and the Collective and Classes. This policy and pattern or practice includes, but is not limited to:

a.    willfully failing to pay Plaintiffs and the Collective and all Class members overtime wages for hours that they worked in excess of 40 hours per workweek;

b.    failing to pay Plaintiff Hazzard and members of the California Class overtime wages for hours that they worked in excess of 8 hours per day and double time for hours worked in excess of 12 hours per day;

c.    failing to reimburse the business expenses of Plaintiff Hazzard and members of the California Class;

d.    failing to provide and ensure that Plaintiff Faiella and Washington Class members received meal and rest breaks;

e.    failing to provide adequate meal and rest breaks to Plaintiff Hazzard and California Class members;

f.    willfully misclassifying Plaintiffs and the members of the Collective and Classes as exempt from the protections of the FLSA and California, New York, Washington, and Massachusetts law;

g.    failing to provide lawful notices and wage statements to Plaintiffs Hazzard, Mitchell, and Tyndal and the California and New York Class members as required by California and New York law; and

h.    willfully failing to record all the time that Plaintiffs and the Collective and Classes worked for the benefit of Defendant.

51.     Defendant is aware or should have been aware that the FLSA and California, New York, Washington, and Massachusetts law required Defendant to pay employees performing primarily non-exempt duties, including Plaintiffs and Class and Collective members, an overtime premium for hours worked in excess of 8 hours per day and double time for hours worked in excess of 12 hours per day in California, and for hours worked in excess of 40 per workweek in all other states.

52.     Defendant did not act in good faith.  Upon information and belief, Defendant did not take steps to ensure that its exempt classification of Operations Managers complied with the FLSA or California, New York, Washington, and Massachusetts law.

53.     Plaintiff and the Collective and Classes all perform or performed the same or similar primary duties.

54.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

55.     Throughout their employment with Defendant, Plaintiff and the Classes and Collective members consistently worked more than 40 hours per week.

56.     Throughout their employment with Defendant, Plaintiff Hazzard and the members of the California Class consistently worked more than 8 hours per day in California.

57.     The primary duty of the position held by Plaintiffs, Class, and Collective members was not management but rather is non-exempt duties, including general customer service and vehicle preparation for rental.  Plaintiffs, Class, and Collective members spent the majority of their time performing non-exempt duties, such as working the rental counter, answering phones, serving customers, shuttling vehicles, checking vehicles for damage, performing vehicle returns, and cleaning vehicles.

58.     Plaintiffs and the Collective and Class members performed their duties under close supervision and lacked true management authority.

59.     Plaintiffs, Collective, and Class members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Defendant.

60.     Plaintiffs, Collective, and Class members did not have independent discretion to substantially deviate from these policies, practices, and procedures.

61.     Plaintiffs, Collective, and Class members did not have authority to: (a) create or implement management policies, practices, and procedures for Defendant; (b) commit Defendant in matters having significant financial impact; (c) set employees' wages; (d) determine how many labor hours could be allocated to their location; or (e) hire, fire, or promote employees.

62.     Defendant required Plaintiff Hazzard and the California Class members to spend significant amounts out-of-pocket and did not reimburse them for these expenses, including for cell phone and internet service, which is required for work.

63.     Defendant's wage statements do not clearly itemize earnings in such a way that Plaintiff and California Class members can readily identify whether they received all pay for which they are eligible under California law, such as hours worked, overtime, minimum wages, and deductions.

64.     Defendant did not comply with the notice and recordkeeping requirements of New York law for Plaintiffs Mitchell and Tyndal and New York Class members by, among other things, failing to include the hours worked on wage statements and failing to provide proper and correct wage notices.

65.     Payroll records similarly fail to track all pay accurately.

66.     For Plaintiff Hazzard and California Class members who work five or more hours in a day, Defendant did not provide a 30-minute meal break during which they were relieved from all work duties.

67.     Defendant did not provide a 10-minute rest break during which Plaintiff Hazzard and California Class members were relieved of all work duties, for each shift of at least 3.5 hours.

68.     For Plaintiff Faiella and Washington Class members who work five or more hours in a day, Defendant did not provide or ensure that Faiella and Washington Class members received a 30-minute meal break during which they were relieved from all work duties.

69.     Defendant did not provide a 10-minute rest break during which Plaintiff Faiella and Washington Class members were relieved of all work duties, for each shift of at least 4 hours.

70.     Upon information and belief, Defendant lacks a meal or rest break policy under which Plaintiff and California and Washington Class members are informed of the right to take appropriate meal and rest breaks.

71.     Defendant's policies and practices incentivize Plaintiffs and Class members to miss, cut short, or interrupt their breaks, in violation of the applicable California Wage Order and Labor Code and Washington law.

72.     Defendant did not pay Plaintiff Hazzard and California Class members timely for all wages due within 30 days of the end of their employment as required by California law.

73.     Defendant's violations of the law described herein are willful.

74.     Upon information and belief, Defendant adopted its policy of classifying Operations Managers as exempt to save labor costs and boost corporate profits.  In order to

minimize labor costs, Defendant staffs its rental locations leanly and strictly manages hours worked by non-exempt, hourly workers to avoid paying them overtime wages. To compensate for this deliberate understaffing, Defendant relies heavily on its salaried Operations Managers to staff the rental locations when there are not enough hourly employees to properly do so. Because of Defendant's rental location hours and lean staffing model, Operations Managers regularly work more than 8 hours per day and 40 hours a week without receiving overtime pay.

75.     Defendant's refusal to reclassify Operations Managers as non-exempt employees despite the substantial risk that their policy is unlawful is knowing and voluntary and constitutes willful misclassification.

## FIRST CLAIM FOR RELIEF
### (Overtime Claim, 29 U.S.C. § 207,
### Brought by Plaintiffs on Behalf of Themselves and the Collective)

76.     Plaintiffs, on behalf of themselves and all members of the Collective, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

77.     At all relevant times, Defendant was an employer, and Plaintiffs and Collective members were employees under the FLSA.

78.     The foregoing conduct, as alleged, constitutes a violation 29 U.S.C. § 207, which protects Plaintiffs' and Collective members' right to earn overtime wages and provides for damages for violations of that right.

79.     Defendant had a policy and practice of failing and refusing to pay Plaintiffs and the Collective members overtime wages for all hours worked over 40 in a workweek and thus violated and continues to violate the FLSA.

80.     Plaintiffs, on behalf of themselves and Collective members, seek the amount of the respective unpaid wages owed them, liquidated damages, attorneys' fees and costs pursuant

to 29 U.S.C. §§ 201 et seq., and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200,
Brought by Plaintiff Hazzard on Behalf of Herself and the California Class)**

81.    Plaintiff Hazzard, on behalf of herself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

82.    At all relevant times, Defendant was an employer, and Hazzard and California Class members were employees under California law entitled to the protections of the California Labor Code and Wage Order 9.

83.    California Labor Code requires that employers must to pay overtime wages to non-exempt employees.

84.    California Labor Code § 2802 and Wage Order 9 provide for the reimbursement of Hazzard's and California Class members' expenses incurred while carrying out their employment or to comply with Defendant's requirements.

85.    California Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, 1199, and Wage Order 9 protect Hazzard's and California Class members' right to earn the all wages due and provide for damages and punishment for violations of that right.

86.    California Labor Code §§ 510, 1194, 1198, and Wage Order 9 provide for compensation with overtime pay for time worked over eight hours in a day or 40 hours in a week.

87.    California Labor Code §§ 226, 353, 1174 and Wage Order 9 provide requirements for properly itemized wage statements.

88.     California Labor Code §§ 226.7, 512, and Wage Order 9 provide for a 30-minute meal break for employees who work five hours or more in a day and for 10-minute breaks for every three and one-half hours worked.

89.     California Labor Code §§ 201-202 requires Defendant to timely pay wages due to Hazzard and separated California Class members upon termination of and/or separation from employment.

90.     Defendant's conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., which prohibits, inter alia, unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.  Hazzard brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

91.     The foregoing violations of the California Labor Code constitute unlawful and unfair acts as defined under the UCL.

92.     Defendant's practices, as alleged, constitute unlawful acts because such acts violate the California Labor Code sections and Wage Order 9 as detailed above.

93.     Defendant's practices, as alleged, also constitute unfair acts because such acts are contrary to public policy.

94.     As a result of these unlawful and/or unfair business practices, Defendant reaped unfair benefits and illegal profits at the expense of Hazzard and California Class members. Defendant must disgorge these ill-gotten gains and restore to Hazzard and California Class members all expense reimbursement, overtime, minimum wages, and other wall wages and unpaid expenses owed.  Defendant's actions deprived Hazzard and each member of the California Class of their expenses and full pay; consequently, Hazzard and members of the

California Class have lost money and property, and they are entitled to restitution in the amount of their unpaid wages and expenses and pay that Defendant withheld.

95.     Pursuant to California Code of Civil Procedure § 1021.5, Hazzard and California Class members are entitled to payment of their attorneys' fees, costs, and expenses incurred in bringing this action.

### THIRD CLAIM FOR RELIEF
**(Overtime Claim, Cal. Labor Code §§ 510, 1194, 1198 & Wage Order No. 9,
Brought by Plaintiff Hazzard on Behalf of Herself and the California Class)**

96.     Plaintiff Hazzard, on behalf of herself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

97.     At all relevant times, Defendant was and is an employer, and Hazzard and California Class members were employees under California law entitled to the protections of the California Labor Code and Wage Order 9.

98.     The foregoing conduct, as alleged, constitutes violations of California Labor Code §§ 510, 1194, 1198, and Wage Order 9, which require overtime pay for time worked over eight hours in a day or over 40 hours in a week.

99.     Although Hazzard and an identifiable portion of California Class members periodically worked more than eight hours in a day or 40 hours in a week, Defendant has a policy and practice of failing and refusing to pay them overtime and thus violated and continues to violate the above-referenced overtime provisions of the Labor Code and Wage Order 9.

100.    Plaintiff, on behalf of herself and California Class members, seeks the amount of the respective unpaid wages owed them, interest, attorneys' fees and costs pursuant to Cal. Labor Code § 1194 and Wage Order 9, and such other legal and equitable relief as the Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Meal and Rest Break Claim, Cal. Labor Code §§ 218.5, 226.7 & 512, Wage Order No. 9,**
**Brought by Plaintiff Hazzard on Behalf of Herself and the California Class)**

101.     Plaintiff Hazzard, on behalf of herself and all members of the California Class,

realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

102.     At all relevant times, Defendant has been an employer, and Hazzard and

California Class members were employees under California law entitled to the protections of the

California Labor Code and Wage Order 9.

103.     The foregoing conduct, as alleged, constitutes violations of California Labor Code

§§ 226.7, 512, and Wage Order 9, which provide for a 30-minute meal break for employees who

work five hours or more in a day and for 10-minute breaks for every three and one-half hours

worked.

104.     Although Hazzard and an identifiable portion of California Class members

periodically worked five hours or more in a day, Defendant had a policy and practice of failing to

provide lawful meal and rest breaks.  Defendant thus violated and continues to violate the above-

referenced meal and rest break provisions of the Labor Code.

105.     In the absence of such policies, and because Defendant's policies and practices

incentivize California Operations Managers to work through breaks constantly, Plaintiff and

California Operations Managers regularly work five or more hours in a day without taking an

off-duty meal break and work more than three and one-half hours without taking an off-duty rest

break.

106.     Plaintiff, on behalf of herself and the California Class members, seeks the amount

of the respective pay owed them – one hour of compensation for each workday that the meal or

rest period is not provided – interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(Timely Wage Payment Due upon Termination, Cal. Labor Code §§ 201, 202 & 203, Brought by Plaintiff Hazzard on Behalf of Herself and the California Class)**

107.    Plaintiff Hazzard, on behalf of herself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

108.    California Labor Code sections 201 and 202 require Defendant to pay its employees all wages due upon termination or separation within the time specified by law. California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

109.    Plaintiff Hazzard and all California Class members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

110.    More than thirty days have passed since Plaintiff Hazzard and certain California Class members left Defendant's employ.

111.    Plaintiff, on behalf of herself and the California Class members, seeks waiting time penalties pursuant to Section 203, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(Wage Statements, Cal. Labor Code §§ 226(a), 226(d), 226.3, 1174(d), 1174.5, Wage Order 9, Brought by Plaintiff Hazzard on Behalf of Herself and the California Class)**

112.    Plaintiff Hazzard, on behalf of herself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

19

113.    At all relevant times, Defendant was and is an employer, and Hazzard and California Class members were employees under California law entitled to the protections of the California Labor Code and Wage Order 9.

114.    The foregoing conduct, as alleged, constitutes a violation of California Labor Code § 226 and Wage Order 9, which provide requirements for properly itemized wage statements.

115.    Defendant's wage statements do not clearly itemize hours worked, an hourly wage, overtime, or earnings in a way that Hazzard and California Class members can readily identify whether they received all applicable pay for which they were eligible.  Defendant thus violated and continues to violate California Labor Code § 226 and Wage Order 9.

116.    Plaintiff Hazzard, on behalf of herself and California Class members, seeks to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as costs and attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**(Expense Reimbursement, Cal. Lab. Code § 2802 and Wage Order 9,**
**Brought by Plaintiff Hazzard on Behalf of Herself and the California Class)**

117.    Plaintiff Hazzard, on behalf of herself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

118.    At all relevant times, Defendant is was an employer, and Hazzard and California Class members were employees under California law entitled to the protections of the California Labor Code and Wage Order 9.

119.    The foregoing conduct, as alleged, constitutes a violation of California Labor Code § 2802, which provides for the reimbursement of expenses incurred while carrying out employment or to comply with employer requirements.

120.    California Operations Managers, including Hazzard, have incurred and continue to incur business expenses which are required by Defendant.

121.    Defendant had a policy and/or practice of failing and refusing to reimburse Hazzard and California Class members for all of their work-related expenses and thus violated and continue to violate California Labor Code § 2802 and Wage Order 9.

122.    Hazzard, on behalf of herself and California Class members, seeks the amount of the respective unpaid expenses owed them, interest, attorneys' fees and costs pursuant to Labor Code § 2802(b) and (c) and Wage Order 9, and such other legal and equitable relief as the Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**(Overtime Claim, Revised Code of Washington, Ch. 49.46, *et seq.*,**
**Brought by Plaintiff Faiella on Behalf of Himself and the Washington Class)**

123.    Plaintiff Faiella, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

124.    At all relevant times, Defendant was an employer, and Faiella and Washington Class members were employees under Washington law entitled to the protections of Washington law.

125.    The foregoing conduct, as alleged, constitutes violations of the Revised Code of Washington, Ch. 49.46, *et seq.*, which requires overtime pay for time worked over 40 hours in a week.

126.     Although Faiella and an identifiable portion of Washington Class members periodically worked more than 40 hours in a week, Defendant has a policy and practice of failing and refusing to pay them overtime and thus violated and continues to violate the above-referenced overtime provisions of Washington law.

127.     Plaintiff, on behalf of himself and Washington Class members, seeks the amount of the respective unpaid wages owed them, exemplary and/or statutory damages, interest, attorneys' fees and costs pursuant to Washington law, and all other legal and equitable relief available under the law and as the Court deems just and proper.

**NINTH CLAIM FOR RELIEF**
**(Meal and Rest Break Claim, Washington Administrative Code § 296-126-092,**
**Brought by Plaintiff Faiella on Behalf of Himself and the Washington Class)**

128.     Plaintiff Faiella, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

129.     At all relevant times, Defendant has been an employer, and Faiella and Washington Class members were employees under Washington law entitled to the protections of Washington law.

130.     The foregoing conduct, as alleged, constitutes violations of Washington law, including Washington Administrative Code § 296-126-092, which provide for a 30-minute meal break for employees which commences no less than two hours nor more than give hours from the beginning of the shift and a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.

131.     Although Faiella and an identifiable portion of Washington Class members periodically worked five hours or more in a day, Defendant had a policy and practice of failing to provide lawful meal and rest breaks and failing to ensure that meal and rest breaks were taken by

Faiella and Washington Class members.  Defendant thus violated and continues to violate the above-referenced meal and rest break provisions of the Washington law.

132.    In the absence of such policies, and because Defendant's policies and practices incentivize Washington Operations Managers to work through breaks constantly, Plaintiff Faiella and Washington Operations Managers regularly work five or more hours in a day without taking an off-duty meal break and work more than four hours without taking an off-duty rest break.

133.    Plaintiff Faiella, on behalf of herself and the Washington Class members, seeks the amount of the respective pay owed them, exemplary and/or statutory damages, interest, attorneys' fees and costs pursuant to Washington law, and all other legal and equitable relief available under the law and as the Court deems just and proper.

### TENTH CLAIM FOR RELIEF
**(Willful Refusal to Pay Wages, Revised Code of Washington § 49.52.050,
Brought by Plaintiff Faiella on Behalf of Himself and the Washington Class)**

134.    Plaintiff Faiella, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

135.    Revised Code of Washington § 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

136.    Defendant's violations of Washington law, as discussed above, were as discussed above, were willful and constitute violations of Revised Code of Washington § 49.52.050.

137.    Revised Code of Washington § 49.52.070 provides that any employer who violates the provisions of Revised Code of Washington § 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

138.    By the actions alleged above, Defendant has violated the provisions of Revised

Code of Washington § 49.52.050.

139.    As a result of the willful, unlawful acts of Defendant, Plaintiff Faiella and the

Washington Class have been deprived of compensation in amounts to be determined at trial and

pursuant to Revised Code of Washington § 49.52.070, Plaintiff Faiella and the Washington Class

are entitled to recovery of twice such damages, including interest thereon, as well as attorneys'

fees and costs.

**ELEVENTH CLAIM FOR RELIEF**
**(Overtime Claim, New York Labor Law, Article 19 and the Supporting New York State**
**Department of Labor Regulations, Brought by Plaintiffs Mitchell and Tyndal on Behalf of**
**Themselves and the New York Class)**

140.    Plaintiffs Mitchell and Tyndal, on behalf of themselves and all members of the

New York Class, reallege and incorporate by reference all other paragraphs as if they were set

forth again herein.

141.    At all times relevant, Plaintiffs Mitchell and Tyndal and the members of the New

York Class have been employees and Defendant has been an employer within the meaning of the

New York Labor Law.  Plaintiff and the members of the New York Class are covered by the

New York Labor Law.

142.    Defendant employed Plaintiffs Mitchell and Tyndal and the members of the New

York Class as an employer in New York.

143.    Defendant failed to pay Plaintiffs Mitchell and Tyndal and the members of the

New York Class wages to which they are entitled under the New York Labor Law.  Defendant

failed to pay Plaintiffs Mitchell and Tyndal and the members of the New York Class for

overtime at a wage rate of one and one-half times their regular rates of pay.

24

144.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs Mitchell and Tyndal and the New York Class members.

145.     Defendant did not act in good faith and failed to take steps to ensure that their classification of Plaintiffs Mitchell and Tyndal and the New York Class met the requirements of the New York Labor Law.

146.     Due to Defendant's intentional and willful violations of the New York Labor Law, Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid wages (including overtime wages), liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

### TWELFTH CLAIM FOR RELIEF
**(Notice and Recordkeeping Claim, New York Labor Law, Brought by Plaintiffs Mitchell and Tyndal on Behalf of Themselves and the New York Class)**

147.     Plaintiffs Mitchell and Tyndal, on behalf of themselves and all members of the New York Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

148.     New York Labor Law § 195(1) requires every employer to provide all employees, at the time of hire, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employers main office or principal place of

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

149.   New York Labor Law § 195(4) requires every employer to establish and maintain, for at least three years, inter alia, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

150.   New York Labor Law § 661 requires every employer to maintain, inter alia, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

151.   12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, inter alia, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

152.   New York Labor Law § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

153.   12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

154.   Defendant failed to comply with the notice and record keeping requirements of New York Labor Law §195(1) and 195(3), resulting in penalties under New York Labor Law § 198(1)(b) and 198(1)(d) for Plaintiffs Mitchell and Tyndal and the New York Class.

**THIRTEENTH CLAIM FOR RELIEF**
**(Overtime Claim,  Mass. Wage Act,**
**Brought by Plaintiff Ramirez on Behalf of Himself and the Massachusetts Class)**

155.    Plaintiff Ramirez, on behalf of himself and the Massachusetts class, realleges and incorporates by reference all allegations in all preceding paragraphs.

156.    At all times relevant, Avis was an "employer" of Plaintiff Ramirez and the Massachusetts Class Members within the meaning of the MWA.

157.    At all times relevant, Plaintiff Ramirez and the Massachusetts Class Members were "employees" of Avis within the meaning of MWA.

158.    At all times relevant, Avis employed Plaintiff Ramirez and the Massachusetts Class Members, suffering or permitting them to work within the meaning of the MWA.

159.    Avis failed to pay overtime for all hours worked over forty to Plaintiff Ramirez and the Massachusetts Class Members, in violation of the MWA.

160.    By Avis's failure to pay Plaintiff Ramirez and the Massachusetts Class Members overtime for hours worked in excess of 40 hours per week, it has knowingly and willfully violated the MWA c. 151 § 1A et seq.

161.    The MWA, M.G.L. c. 151 § 15, requires employers to keep records of each employee's hours worked and wages earned, at the place of employment, for at least two years.

162.    Because Avis willfully and unlawfully misclassified Plaintiff Ramirez and the Massachusetts Class Members as exempt from overtime pay requirements, it failed and continues to fail to keep and furnish records of those employees' hours, as required under Massachusetts wage-and-hour law.

163.    By failing to record and maintain these wage-and-hour records, Avis has failed to make, furnish, and keep such records in violation of Massachusetts wage-and-hour law.

164.    Avis's failure to keep and furnish the required records of hours worked for Plaintiff Ramirez and the Massachusetts Class Members was done with reckless indifference to the rights of others and is willful, knowing, and intentional.

165.    Plaintiff Ramirez has fulfilled the reporting requirement set forth in M.G.L. c. 149 § 150, by timely reporting the MWA claim to the Massachusetts Attorney General's office before filing this action.

166.    Due to Avis's violations of the MWA, Plaintiff Ramirez and the Massachusetts Class Members have incurred harm and loss and are entitled to recover from Defendant their unpaid overtime mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Classes and Collective, pray for relief as follows:

A.    Certification of the Classes;

B.    Issuance of Court-approved notice to the Collective so that members are advised of the lawsuit and have the opportunity to join it;

C.    Designation of Plaintiffs as Representatives of their respective Classes;

D.    Designation of Plaintiffs' counsel of record as Class Counsel for the Classes;

E.    A declaratory judgment that the practices complained of herein are unlawful;

F.    An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

G.    Statutory and exemplary penalties;

H.    An award of damages and restitution to be paid by Defendant according to proof;

I.    Pre-judgment and post-judgment interest, as provided by law;

J.      Attorneys' fees, pursuant to the FLSA and state law, and all other bases for fees in such laws;

K.      Costs of suit, including expert fees and costs;

L.      An appropriate service payment to Plaintiffs for their service as Class Representatives; and

M.      All other monetary, injunctive, and equitable relief as the Court may deem just and proper and as provided for by law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims alleged herein.

Dated:  January 22, 2020

By:     Glen D. Savits
        Green Savits, LLC
        25B Vreeland Road
        Florham Park, NJ 07932
        Telephone: (973) 695-7777
        Facsimile: (973) 695-7788
        Email: gsavits@greensavits.com

        Rachel Bien*
        OUTTEN & GOLDEN LLP
        601 S Figueroa St., Suite 4050
        Los Angeles, CA 90017
        Telephone: (323) 673-9900
        Facsimile: (646) 509-2058
        Email: rmb@outtengolden.com

        Laura Iris Mattes*
        OUTTEN & GOLDEN LLP
        One California Street, 12th Floor
        San Francisco, CA 94111
        Telephone: (415) 638-8800
        Facsimile: (415) 638-8810
        Email: imattes@outtengolden.com

Michael Palitz
SHAVITZ LAW GROUP, P.A.
800 Third Avenue, Suite 2800
New York, NY 10022
Telephone:  (800) 616-4000
Facsimile:  (561) 447-8831
Email: mpalitz@shavitzlaw.com

Gregg Shavitz*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Email: gshavitz@shavitzlaw.com

*Pro hac vice applications forthcoming*

*Attorneys for Plaintiffs, the Collective, and the Classes*